COMMONWEALTH MRI ASSOCIATES, P.C., & others[1] *vs.*
COMMISSIONER OF PUBLIC HEALTH.

Suffolk. May 2, 1994. - December 13, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Medicine. Department of Public Health. Public Health,* Determination of need. *Words,* "Acquire," "Acquisition."

Where, on or before the effective date of St. 1991, c. 495, § 15, amending G. L. c. 111, § 25C, certain physician group practices had properly notified the Department of Public Health that they intended to acquire magnetic resonance imaging equipment and, not having received any response from the department, had "acquired" the equipment through a licensing agreement, a determination of need by the department, as mandated by § 15 of the amendment, was not required. [131-133]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 11, 1992.

The case was reported by *Lynch*, J.

*Lee H. Glickenhaus* for the plaintiffs.

*Scott M. Davis*, Assistant Attorney General, for Commissioner of Public Health.

O'CONNOR, J. In this action, commenced in the Supreme Judicial Court for Suffolk County, the plaintiff corporations sought a judgment declaring that they are not required by G. L. c. 111, § 25C, as amended by St. 1991, c. 495, §§ 15 and 62, to obtain determinations of need from the Department of Public Health (dèpartment) before acquiring magnetic resonance imaging (MRI) equipment. The plaintiffs also sought an injunction that would restrain the department from interfering with the rendering of MRI services by the

---

[1]Greater Boston MRI Associates, P.C.; Northeast MRI, P.C.; and Mobile Technology, Inc.

plaintiffs without their having obtained determinations of need. A single justice reported the case to the full court on a statement of agreed facts. We hold that the amended statute does not require the plaintiffs to obtain determinations of need in the circumstances of this case. An order shall issue from the county court making such a declaration. We consider an injunction against the department, an agency of the Commonwealth, unnecessary.

General Laws c. 111, § 25C, was enacted to "prevent unnecessary expansion of health care facilities in the Commonwealth and encourage appropriate allocation of resources for health care purposes." *Commissioner of Pub. Health* v. *Bessie M. Burke Memorial Hosp.*, 366 Mass. 734, 735 (1975). Before the enactment of St. 1991, c. 495, §§ 15 and 62, effective December 31, 1991, G. L. c. 111, § 25C, read in conjunction with c. 111, §§ 25B and 52, provided only that a "health care facility" obtain a determination of need as a prerequisite to acquiring "medical, diagnostic, or therapeutic equipment," including MRI equipment, valued in excess of $150,000, and that "one or more practitioners engaged in a solo or group practice . . . wholly owned and controlled by one or more of the practitioners" did not constitute a health care facility. The result was that, before the 1991 amendment, such practitioners were not required by c. 111 to obtain a determination of need before acquiring MRI equipment.

Even before the 1991 amendment, however, one or more practitioners engaged in solo or group practice wholly owned and controlled by one or more of them, who planned to acquire MRI or other medical, diagnostic, or therapeutic equipment, were required to notify the department of their plan. G. L. c. 111, § 25C. The notification was required to be in writing and to be received by the department no less than thirty days before the practice made contractual arrangements to acquire the equipment. Pursuant to § 25C, the practitioners were free to contract for the equipment if they did not receive a response from the department within thirty days.

Statute 1991, c. 495, § 15, amending G. L. c. 111, § 25C, effective December 31, 1991, provides in relevant part that a "determination by the department of need therefor [for governed equipment] shall be required for the acquisition of equipment designed or intended to provide magnetic resonance imaging services." Statute 1991, c. 495, § 62, however, provides as follows:

> "Notwithstanding the provision of section twenty-five C of chapter one hundred and eleven of the General Laws, any person who prior to October first, nineteen hundred and ninety-one filed notice of intent to acquire or has acquired medical equipment designed or equipped to provide magnetic resonance imaging services under the solo or group practice exclusion from the definition of 'clinic' in section fifty-two of chapter one hundred and eleven of the General Laws may own such equipment without obtaining a determination of need from the department of public health."

Thus, the provision in St. 1991, c. 495, § 15, that individual physician and group practices would no longer be free from determination of need requirements when planning the acquisition of MRI equipment was made inapplicable by St. 1991, c. 495, § 62, to any practice that had "acquired" its MRI equipment before December 31, 1991. The principal issue in this case is whether, within the meaning of St. 1991, c. 495, § 62, the three corporate plaintiffs, conducting physician group practices (practices), had "acquired" the relevant MRI equipment before December 31, 1991.

The plaintiffs are the practices and Mobile Technology, Inc., which is a company that provides MRI equipment to physicians. Each of the practices provided the notice to the department required by G. L. c. 111, § 25C, during October or November, 1991, and did not receive any notification from the department within the period required for response that any notice was incomplete or that any of the planned acquisitions required a determination of need. On or before

December 31, 1991, each practice signed an agreement with Mobile Technology in which Mobile Technology granted to the practice a license to use a specific piece of Mobile Technology's equipment. Under the agreements, Mobile Technology would continue to own the equipment, and would be responsible for maintaining, repairing, and insuring it. The agreements expressly state that the practices are not lessees or tenants of the equipment, but licensees. While the equipment would be located on the property of the practices, Mobile Technology would have the authority to transport the equipment to other locations for use by persons other than the practices, as long as that did not interfere with the practices' priority use. In anticipation of performing its agreements, Mobile Technology modified the equipment to meet the specifications which it had agreed on for each practice group.

The defendant commissioner's position is that the amended statute prohibits the practices from operating the equipment without determinations of need because the mere signing of the management agreements did not constitute "acquisition" within the meaning of St. 1991, c. 495, § 62. The parties have stipulated that, under current departmental guidelines, the department has established that there is no additional need for MRI equipment in Massachusetts, and that the department will not currently issue a determination of need for MRI equipment.

The commissioner argues that the word "acquire" plainly requires ownership or possession, which the practices did not have on or before the effective date of St. 1991, c. 495, §§ 15 and 62. However, although ownership often accompanies or follows from acquisition, the word "acquire" is "[s]ometimes used in the sense of 'procure.' It does not necessarily mean that title has passed." Black's Law Dictionary 24 (6th ed. 1990). Since the Legislature reasonably could have intended the word "acquire" to have the broad meaning which includes mere "procurement," we must look to the purpose of the statute to decide whether a narrow or broad interpretation is appropriate. We also must look to the pur-

pose of the statute to determine whether the agreements gave the practices the "control and dominion" needed for "acquisition." The commissioner contends that, under the agreements, the practices have nothing more than revocable licenses to use the equipment, and therefore lack the dominion and control essential to acquisition.

We are not persuaded by the commissioner's arguments. In our view, the licenses provided by the practices' agreements with Mobile Technology constitute "acquisition" by the practices. Indeed, if the practices did not "acquire" the MRI equipment within the meaning of the grandfather clause contained in St. 1991, c. 495, § 62, by entering into the agreements with Mobile Technology on or before December 31, 1991, they also have not "acquired" it within the meaning of St. 1991, c. 495, § 15 ("A determination by the department of need therefor shall be required for the *acquisition* of equipment designed or intended to provide magnetic resonance imaging services" [emphasis added]), or within the meaning of G. L. c. 111, § 25C ("No person or agency of the commonwealth . . . shall *acquire* for location in other than a health care facility a unit of medical, diagnostic, or therapeutic equipment . . . unless the person or agency notifies the department . . ." [emphasis added]). It is unlikely that the Legislature intended the words "acquire" and "acquisition" to have different meanings in the same statute, and it is also unlikely that the Legislature intended that licensing agreements such as those involved in this case should be outside the pale of the statute. As the plaintiffs and the commissioner recognize, the statute "reflects the Legislature's determination that, as of December 31, 1991, there is little or no need for additional MRI equipment within the Commonwealth." We conclude that the practices acquired the MRI equipment before the effective date of St. 1991, c. 495, § 15, and that therefore § 15 does not apply and no determination of need is required for the practices to use the equipment.

The commissioner also argues, too late we think, that even if the amendment wrought by St. 1991, c. 495, § 15, does

not apply, the plaintiff practices nevertheless require determinations of need because they were not exempt under the preamendment version of G. L. c. 111, § 25C. The commissioner recognizes that, prior to the amendment, the statute did not apply to "one or more practitioners engaged in a solo or group practice . . . wholly owned and controlled by one or more of the practitioners" but, the commissioner contends, Mobile Technology by virtue of the aforementioned agreements with the plaintiff practices, held an equity position in those practices, and therefore the practices did not qualify for exemption as "wholly owned and controlled by one or more of the practitioners."

The commissioner's argument is untimely. Under the preamendment version of c. 111, § 25C, a physician group practice seeking to take advantage of the exemption needed only to file a notice of intent and then wait thirty days before entering into contracts to acquire the relevant equipment. Since the practices in the instant case filed notices in October and November of 1991 and were not notified within thirty days that the proposed agreements might disqualify them from the exemption, they were entitled to assume that the contractual arrangements proposed were satisfactory. We therefore need not address the merits of the commissioner's contention.

A judgment shall enter in the county court declaring that G. L. c. 111, § 25C, as amended by St. 1991, c. 495, §§ 15 and 62, does not require the plaintiff practices to obtain determinations of need.

*So ordered.*